## ESTABLISHING COMPLIANCE WITH THE BURNS LAW.

Circuit Court of Cuyahoga County.

### HENRY SOEDER v. CITY OF CLEVELAND.

Decided, June 8, 1908.

*Municipal Corporations—Compliance With Burns Law Must be Pleaded.*

In an action against a municipal corporation to recover on a contract with it to which the Burns law applies, the petition must allege and the evidence show that the requirements of said law were complied with and a certificate filed showing money in the treasury to the credit of the proper fund.

*Blanding, Rice & Ginn,* for plaintiff in error.
*Newlon D. Baker,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The petition in error in this case alleges that the common pleas court erred in sustaining a demurrer to the plaintiff's second amended uetition. That petition for its first cause of action claims compensation for certain work done and materials furnished in the improvement of a city cemetery and under an alleged contract entered into in 1898, when the city of Cleveland was under the so-called Federal Plan law (88 O. L., 105), and William J. Akers was director of charities and corrections. The sixty-seventh section of said law provided that said director should have all the powers and perform all the duties which are by law or ordinance vested in or required of the trustees of cemeteries.

Chapter 7, Div. 8, Title XII, Part 1st, of the Revised Statutes then provided regarding cemeteries, vesting their title in the corporation, but giving their entire management, control and regulation to a board of three trustees; to lay out such grounds and cemeteries into lots, avenues, etc., direct all improvements and embellishments of the grounds, determine the size and price of lots and sell the same, charging therefor no more than might be necessary to reimburse the corporation for the cost of lands pur-

chased or appropriated for cemetery purposes, and to keep in order and embellish the grounds.

The money thus received, the cemetery trustees were authorized to spend.

The demurrer was sustained because of failure of the pleader to allege that the Burns law, so-called (Section 2702. Revised Statutes) which requires that no contract (involving over $250 under the Cleveland special act) shall be entered into by the corporation unless the city auditor "shall first certify that the money required for 'that purpose' is in the treasury to the credit of the fund from which it is drawn," etc.

The contention of the plaintiff in error is, first, that it does not affirmatively appear from the petition that the Burns law was not complied with, and secondly, that the Cleveland special act being unconstitutional, its director of charities and corrections was but a *de facto* board of cemetery trustees and as such not subject to the provisions of the Burns law.

The first point is one of pleading.

It is alleged in the petition that "on said 14th day of April, 1898, the said city of Cleveland, acting through said William J. Akers, as such director of charities and corrections, the said Akers therein exercising the powers of the board of trustees of cemeteries, duly entered into a contract in writing with one Conrad J. Hoffman, a copy of which is hereto attached, marked 'Exhibit A,' for the improvement of ssid West Park Cemetery."

It is said that the word "duly" intended that the Burns law, as well as all other laws, was complied with. We can not so conclude, for the petition states specifically through whom the city was acting in making the contract, and limits it to the director named, thus excluding the participation therein of the city auditor, as required by the Burns law.

Again, all contracts with a municipal corporation being void, except such as come within the requirements of the Burns law, we are inclined to the view expressed in the case of *Kerr* v. *Village of Bellefontaine*, 13 C. C., 24, that in an action on a contract with a municipal corporation it is necessary "to allege and prove that at the time such contract was made, the necessary certificate

of the clerk (auditor) showing that the money required for the same was in the treasury to the credit of the fund from which it was to be drawn, and not appropriated for any other purpose, was obtained.'' This point is also suggested but not decided by the case of *City of Lancaster* v. *Miller*, 58 O. S., 558, and the ruling of the circuit court referred to is not weakened by the fact that that case was reversed by the Supreme Court (59 O. S., 446), the reversal being put upon the ground that Section 2702 did not apply in the case at all.

Coming to the second point claimed by counsel for plaintiff in error, that Section 2702 does not apply to cemetery trustees and that Akers was acting as a *de facto* board of cemetery trustees, it is two-fold.

The claims that cemetery trustees are not bound by Section 2702 in making contracts for the city is based upon the case of *Kerr* v. *City of Bellefontaine*, 59 O. S., 446, but that case applies only if the improvements here involved were to be paid for out of the receipts from sales of cemetery lots, and not if the payment for work done under the contract involved the raising of money by taxation, and there is nothing in the petition to show which was the case.

The presumption would be, from the vast amount of work to be done and the large sums to be expended under the contract, as set forth in the petition, that this was original work in a new cemetery, and within the purview of Section 2702. But, however that may be, we hold that Akers was a *de facto* director of charities and corrections, and not a *de facto* board of cemetery trustees, within the principles announced in the case of *State* v. *Gardner*, 54 O. S., 24.

We therefore hold that the demurrer to the first cause of action was properly sustained.

As to the other causes of action, they appear to be for extras, all growing out of the contract pledged in the first cause of action and inseparably connected with it. While each is for less than $250 this effort to split up a single cause of action and thus circumvent the provisions of Section 2702 should not be encour-

aged and we therefore hold that the demurrer as to them was properly sustained.

Judgment affirmed.